UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM SPICER,

                      Plaintiff,

    -against-                                  5:20-CV-1618 (LEK/ML)

OAK LEAF OUTDOORS, INC., *et al.,*

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff William Spicer brings this product liability action against Oak Leaf Outdoors, Inc. ("Oak Leaf"), Lone Wolf, Inc. ("Lone Wolf"), and Weaver Enterprises, Ltd., ("Weaver"). See Dkt. No. 2 ("Complaint"). Before the Court is Plaintiff's motion to join additional non-party defendants and for remand to state court. Dkt. Nos. 13 ("Motion"), 13-9 ("Plaintiff's Memorandum of Law" or "Plaintiff's MOL"). Defendants have opposed the Motion, Dkt. No. 14 ("Response"), and Plaintiff has filed his reply, Dkt. No. 15 ("Reply"). For the reasons that follow, the Court grants Plaintiff's Motion and remands this case to state court.

**II.    BACKGROUND**

       Plaintiff alleges that on November 3, 2019 he was using a tree stand—a platform utilized by hunters and outdoorsman to sit in trees—that was manufactured and distributed by Defendants, when a bolt on the stand broke and caused him to fall and suffer severe injury. Compl. at 3.

       On October 26, 2020, Plaintiff filed his Complaint against Defendants in New York Supreme Court, Onondaga County. See Dkt. No. 1 at 6. On December 29, 2020, Defendants removed the action to this Court on the basis of diversity between the parties. See id.

On January 22, 2021, Plaintiff filed a letter with the Court indicating his intention to file a motion to amend his Complaint to join Legends of Fall Outfitters, LLC as a defendant and request remand. See Dkt. No. 7. Plaintiff also requested a conference before the Court to address the requested relief prior to filing the motion. See id. On February 23, 2021, Plaintiff's request for a conference was denied as unnecessary. See Dkt. No. 11. Plaintiff filed the present motion shortly afterward on March 3, 2021. See generally Motion.

In his Motion, Plaintiff seeks to add as defendants (1) Legends of Fall Outfitters, LLC, (2) Legends of Fall Outfitters, a partnership, (3) Jeffrey Bordwell, and (4) Melissa Bordwell as individuals and/or as partners and/or officers of the Legends of Fall Outfitters partnership (together "Retailer Defendants"). See Pl.'s MOL at 2. Plaintiff contends he purchased the tree stand from the Legends of Fall Outfitters store that was, at the time, owned and operated by the Legends of Fall Outfitters partnership. Dkt. No. 13-1 ("Cherundolo Declaration") ¶ 10. Plaintiff asserts that the Legends of Fall Outfitters LLC was formed later, and it is unclear at this time which of the Legends of Fall entities would be liable for damages arising from his claims. See id.; Reply at 2. The Legends of Fall Outfitters principal place of business is in Tully, New York, and both proposed individual defendants also reside in Tully, New York. Cherundulo Dec. ¶¶ 7, 10. The parties agree that allowing joinder of these parties would destroy the Court's subject matter jurisdiction. See Pl.'s MOL at 3; Resp. at 2.

### III.   LEGAL STANDARD

Where a case has previously been removed to federal court and a plaintiff seeks to add additional defendants "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. 1447(e). The decision to allow or deny such joinder is within the sound discretion of the trial court. See

Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (citing Wyant v. National R.R. Passenger Corp., 881 F. Supp. 919, 921 (S.D.N.Y. 1995)).

In exercising this discretion, courts first consider whether such joinder is appropriate under Federal Rule of Civil Procedure ("F.R.C.P.") 20. Id. (collecting cases). If joinder is appropriate under Rule 20, courts then proceed to determine whether permitting joinder under § 1447(e) "will comport with the principles of fundamental fairness." Id.

## IV.   DISCUSSION

### A.   F.R.C.P. 20

Joinder of a party is proper under Rule 20 if (1) there is asserted against both the new and existing parties a right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) the action will give rise to any question of law or fact common to all defendants. F.R.C.P. 20(a).

The right to relief inherent in the product liability and negligence claims made by Plaintiff against the Retailer Defendants undoubtedly arises from the same transaction and occurrence as that giving rise to the claims against the current defendants: the purchase of the product and injury caused due to alleged defect.

Additionally, Plaintiff's claims give rise to questions of law and fact common to all parties. There are common issues regarding liability for the manufacture and sale of the product in question and whether the product was in fact defective or unsuitable for purpose, among others. Indeed, Defendants do not argue that joinder is inappropriate under Rule 20. See Resp. at 4.

Thus, the Court finds that joinder is appropriate under F.R.C.P. 20.

### B.   Principles of Fundamental Fairness

In determining whether jurisdiction-destroying joinder under 28 U.S.C. 1447(e) comports with principles of fundamental fairness, courts weigh four factors: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend." Briarpatch, 81 F. Supp. 2d at 515 (citing Wyant v. Nat'l R.R. Passenger Corp., 881 F. Supp. 919, 923 (S.D.N.Y. 1995)); see also Buffalo State Alumni Ass'n v. Cincinnati Ins. Co., 251 F. Supp. 3d 566, 569 (W.D.N.Y. 2017).

    1. *Delay in Seeking to Amend*

Delay is measured from the date of removal. Da Cruz v. Townmasters of New Jersey, Inc., 217 F.R.D. 126, 134 (E.D.N.Y. 2003); see also Deutchman v. Express Scripts, Inc., 07-CV-3539, 2008 WL 3538593, at *3 (E.D.N.Y. 2008). Where joinder was not precipitated by discovery of facts previously unknown to a plaintiff, delays have generally been found to favor allowing amendment where a motion is brought within a month of removal. See Reyes v. National Car Rental Financing, No. 99-CV-10058, 2000 WL 769205, at *3 (S.D.N.Y. June 13, 2000) (delay of two weeks favored joinder); Fredlund v. Nationwide Mut. Fire Ins. Co., No. 00-CV-0180E, 2000 WL 1773473, at *5 (W.D.N.Y. Nov. 30, 2000) (four weeks). Even delays of over six months have been found to favor allowing joinder. See Hosein v. CDL W. 45th St., LLC, 2013 WL 4780051, at *5 (S.D.N.Y. June 12, 2013).

Conversely, delays over three months are often, but not always, found to disfavor granting joinder. See Deutchman v. Express Scripts, Inc., No. 07-CV-3539, 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008) (three months); Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003) (five months); Dinardi v. Ethicon, Inc., 145 F.R.D. 294, 298 (N.D.N.Y. 1993) (two years); Da Cruz, 217 F.R.D. at 134 (two years).

While it is true that Plaintiff did not file his motion to amend until almost three months after remand, compare Dkt. Nos. 1 and 13, Plaintiff filed a letter indicating his intent to request joinder and requesting a premotion conference just over three weeks after removal, see Dkt. No. 7. Because this letter is the first action by Plaintiff to effect joinder, the time between removal and the filing of the letter is the appropriate time period to take into account for purposes of delay, and not the longer period from removal to the filing of the motion itself. See Leifer v. JPMorgan Chase Bank, N.A., 2020 WL 1130727, at *5 (S.D.N.Y. Mar. 9, 2020) (using the date plaintiff filed a "letter requesting pre-motion conference" as the relevant date in determining delay).

Here, Plaintiff's short delay of less than one month favors allowing joinder.

    2. *Prejudice to the Defendant*

In determining prejudice, courts will often look to the stage of the litigation and whether joinder will force a defendant "to change a litigation strategy in pursuit of which resources have already been expended." Nazario, 295 F. Supp. 2d at 353; see also Amon v. Nelson, No. 91-CV-3844, 1992 WL 8337, at *4 (S.D.N.Y. Jan. 15, 1992). Even where discovery is near completion, it has often been found insufficient to preclude joinder. See Wyant 881 F. Supp. at 923 (collecting cases) ("[T]here is no appreciable prejudice to the defendant. While Amtrak complains that discovery is almost complete, courts have rejected such arguments as insufficient to preclude joinder and remand.").

Defendants argue that, as diverse defendants, they have an interest in prosecuting the case in federal court. Resp. at 6. This is true. However, loss of the federal forum is a prejudice faced by all defendants presented with a motion to join a non-diverse party under Section 1447(e). On its own this is insufficient to disfavor amendment in the absence of other prejudice such as a required change of litigation strategy.

This case is in the early stages of litigation and discovery has yet to begin. See Dkt. No. 16. As such, there is not sufficient prejudice to Defendant to preclude joinder, and this factor favors allowing amendment.

3. *Likelihood of Multiple Litigation*

Joinder is favored where denial would create a risk of multiple litigation and waste of judicial resources. See Rodriguez v. Abbott Labs, 151 F.R.D. 529, 533 (S.D.N.Y. 1993). Such a risk is often found where a separate action is likely, and such action would rely on similar evidence. See e.g., id. (finding a risk of wasting judicial resources where two separate actions relying on the same evidence would result from denying joinder); Hunt v. Stryker Corp., No. 03-CV-7385, 2004 WL 502186, at *4 (S.D.N.Y. Mar. 10, 2004) (same).

Plaintiff has indicated that, were the Court to disallow joinder, he would bring an action against the Retailer Defendants in State Court. Pl.'s MOL at 6; Cherundolo Dec. ¶ 15. Such an action would undoubtedly rely on the same evidence regarding the product at issue, its design, and its alleged defects and quality as will be necessary in this case.

Defendants argue that the product at issue was sold after Legends of Fall Outfitters the partnership ceased to exist, but before Legends of Fall Outfitters, LLC was created, and thus there could be no litigation brought against either entity. See Resp. at 6. This assertion is made without citation to any evidence or affidavit, and at this stage all factual and legal inferences must be made in favor of Plaintiff. Briarpatch, 81 F. Supp. 2d at 516 (citing Pampillonia, 138 F.3d at 461).  However, even accepting Defendants' assertion as true, it does not address potential liability of the other two proposed defendants, Jeffrey Bordwell, and Melissa Bordwell, as individuals. Thus, there is still a credible threat of multiple litigation that would involve similar evidence and this factor favors allowing amendment.

4. *Plaintiff's Motivation in Moving to Amend*

Given the incentive for a party to add a new non-diverse defendant simply to have the matter remanded to its preferred state forum, a court must "pay particular attention to the motive underlying the plaintiff's motion." Briarpatch, 81 F. Supp. 2d at 515–516. "This comports with the more general rule that 'a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy.'" Id. at 516 (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460–61 (2d Cir. 1998)). However, to show that a plaintiff is acting fraudulently in adding a defendant merely to defeat diversity jurisdiction, a defendant must show by clear and convincing evidence "either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Id.; see also Reyes, 2000 WL 769205, at *4. Indeed, even one of the cases cited repeatedly by Defendants states that "when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing [that defendant] into a litigation is to destroy diversity jurisdiction." Cinco Bayous, LLC v. Samson Expl., LLC, No. 19-CV-452, 2020 WL 4922329, at *3 (E.D. Tex. Aug. 20, 2020). A defendant faces a heavy burden when attempting to prove fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff. Id. (citing Pampillonia, 138 F.3d at 461).

Defendants argue that Plaintiff seeks joinder merely to defeat jurisdiction because Plaintiff knew the identity of the Retailer Defendants prior to removal but waited until after removal to amend. Resp. at 6–7.

It is not required that a party discover new information after removal in order to effect joinder. See Briarpatch, 81 F. Supp. 2d at 516. Further, Plaintiff's attorney has stated in an affidavit that Plaintiff was in fact preparing to file a motion for joinder prior to removal of the

action. Cherundolo Dec. ¶ 7. While Defendants may contest the veracity of this claim, all factual and legal issues must be resolved in favor of Plaintiff in determining motive. Briarpatch, 81 F. Supp. 2d at 516 (citing Pampillonia, 138 F.3d at 461). Because the Court accepts as true Plaintiff's assertion that he began the process of filing the motion prior to removal, Defendants have failed to produce any evidence of outright fraud on the part of Plaintiff. See id. (finding defendant did not meet burden where defendant's assertion was contradicted by an affidavit filed by plaintiff's attorney).

In the section of their Response addressing the possibility of multiple litigation, Defendants argue that no claim can be made against Legends of Fall Outfitters the partnership and Legends of Fall Outfitters, LLC because Legends of Fall Outfitters partnership no longer exists, and the product was sold before the Legends of Fall Outfitters, LLC was formed. See Resp. at 6. However, again, Defendants point to no evidence or affidavits to support their assertion. The Court could likely not rule on such an issue without the parties undertaking significant corporate discovery, and as stated above, at this stage all factual issues must be resolved in favor of Plaintiff.

Additionally, even if the Court accepts Defendants' assertion, Defendants do not argue that there is no viable claim against Jeffrey Bordwell and Melissa Bordwell as individuals. Indeed, Defendants even admit that it is "common practice that attorneys filing product liability claims nearly always name the retailer." Resp. at 5. Because Plaintiff has viable product liability claims against the Retailer Defendants "it is unlikely that the primary purpose of bringing [the defendants] into a litigation is to destroy diversity jurisdiction." See Cinco, 2020 WL 4922329, at *3.

Thus, Defendants have not met their burden in showing fraudulent joinder, and this factor weighs in favor of allowing amendment and joinder.

Because each of the four factors weighs in favor of allowing amendment and joinder, Plaintiff's Motion is granted.

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion to join additional non-party defendants and for remand to state court (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court remand the entire action to New York State Supreme Court, Onondaga County; and it is further

**ORDERED**, that the Clerk of the Court mail a certified copy of this Memorandum-Decision and Order to the Clerk of New York State Supreme Court, Onondaga County, pursuant to 28 U.S.C. § 1447(c); and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     November 12, 2021
           Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge